(117 App. Div. 117)

### OISHEI v. PENNSYLVANIA R. CO. et al.

(Supreme Court, Appellate Division, First Department.   January 25, 1907.)

Appeal from Special Term, New York County.

Action by Achille J. Oishei against the Pennsylvania Railroad Company, impleaded with Vincenzo Spina. From a judgment for plaintiff, defendant company appeals. Affirmed.

Argued before PATTERSON, P. J., and McLAUGHLIN, INGRAHAM, HOUGHTON, and LAMBERT, JJ.

Norman B. Beecher, for appellant.

Nelson L. Keach, for respondent.

PER CURIAM. For the reasons stated in the case of Oishei v. Pennsylvania Railroad Company, Impleaded with Giovanni Bonaddio (decided herewith) 102 N. Y. Supp. 368, this judgment was right, and should be affirmed, with costs.

---

(117 App. Div. 117)

### OISHEI v. PENNSYLVANIA R. CO. et al.

(Supreme Court, Appellate Division, First Department.   January 25, 1907.)

Appeal from Special Term, New York County.

Action by Achille J. Oishei against the Pennsylvania Railroad Company, impleaded with Domenico Farrarelli. From a judgment for plaintiff, defendant company appeals. Affirmed.

Argued before PATTERSON, P. J., and McLAUGHLIN, INGRAHAM, HOUGHTON, and LAMBERT, JJ.

Norman B. Beecher, for appellant.

Nelson L. Keach, for respondent.

PER CURIAM. For the reasons stated in the case of Oishei v. Pennsylvania Railroad Company, Impleaded with Giovanni Bonaddio (decided herewith) 102 N. Y. Supp. 368, this judgment was right, and should be affirmed, with costs.

---

(117 App. Div. 118)

### OISHEI v. PENNSYLVANIA R. CO. et. al.

(Supreme Court, Appellate Division, First Department.   January 25, 1907.)

Appeal from Special Term, New York County.

Action by Achille J. Oishei against the Pennsylvania Railroad Company, impleaded with Francesco Grastello. From a judgment for plaintiff, defendant company appeals. Affirmed.

Argued before PATTERSON, P. J., and McLAUGHLIN, INGRAHAM, HOUGHTON, and LAMBERT, JJ.

Norman B. Beecher, for appellant.

Nelson L. Keach, for respondent.

PER CURIAM. For the reasons stated in the case of Oishei v. Pennsylvania Railroad Company, Impleaded with Giovanni Bonaddio (decided herewith) 102 N. Y. Supp. 368, this judgment was right, should be affirmed, with costs.

---

(117 App. Div. 119)

### OISHEI v. PENNSYLVANIA R. CO. et al.

(Supreme Court, Appellate Division, First Department.   January 25, 1907.)

Appeal from Special Term, New York County.

Action by Achille J. Oishei against the Pennsylvania Railroad Company, impleaded with Vincenzo Morenna. From a judgment for plaintiff, defendant company appeals. Affirmed.

Argued before PATTERSON, P. J., and McLAUGHLIN, INGRAHAM, HOUGHTON, and LAMBERT, JJ.

Norman B. Beecher, for appellant.
Nelson L. Keach, for respondent.

PER CURIAM. For the reasons stated in the case of Oishei v. Pennsylvania Railroad Company, Impleaded with Giovanni Bonaddio (decided herewith) 102 N. Y. Supp. 368, this judgment was right, and should be affirmed, with costs.

---

(117 App. Div. 154)

### PEOPLE ex rel. WEICK v. WARDEN OF CITY PRISON.

(Supreme Court, Appellate Division, First Department.   January 25, 1907.)

1. COURTS—TERMS—TRIAL TERM.
    Code Civ. Proc. § 232, provides that two or more Trial Terms may be appointed to be held at the same time in any county, and that a Trial Term in any county may be held in two or more parts. Code Civ. Proc. § 45, and Code Cr. Proc. § 432, provide that a term of court may be continued, notwithstanding the expiration of the time appointed for the term, to continue a trial. Pursuant to Code Civ. Proc. § 232, a Trial Term of the Supreme Court was appointed to commence in November, and at the end of that month an order was entered continuing the term until the 3d of December, and thereafter until the business before the court should be disposed of. A Trial Term of the Supreme Court was appointed to commence on the first Monday of December. When the order continuing the November term was made, an unfinished criminal case was on trial, which was continued until the 11th of December, and thereafter defendant was tried and convicted. *Held*, that sections 45 and 432 apply to cases where a time is fixed for the expiration of a term by some provision of law or by the authority authorized to appoint the terms of courts, and the court was not without jurisdiction to try defendant on the ground that the November Trial Term ceased to be a term of the Supreme Court on the first Monday of December, or on the completion of a trial that was unfinished at that time.
    [Ed. Note.—For cases in point, see Cent. Dig. vol. 13, Courts, §§ 240-242.]

2. CRIMINAL LAW—APPEAL—REVERSAL.
    Code Cr. Proc. § 542, provides that judgment must be given on appeal, without regard to technical errors not affecting substantial rights. A Trial Term of the Supreme Court was appointed to be held in the county court